Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2324 | **DATE** | 8/21/2002 |
| **CASE TITLE** | Atlantic Investment Management, LLC, *et al.* vs. Millennium Fund I, Ltd, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The petition to enforce a subpoena (doc. # 1) is GRANTED in part and DENIED in part. The subpoena shall be reissued within 10 calendar days, signed by Mr. Burke or some other person authorized by Fed. R. Civ. P., and shall be expressly limited to the categories of documents specified in the opinion. All matters subject to the referral having been concluded, the referral is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 2 2 2002 | |
| | Notified counsel by telephone. | date docketed | 7 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 8/21/2002 | |
| | | date mailed notice | |
| JJK | courtroom deputy's initials | 02 AUG 21 PM 3:52 U.S. DISTRICT COURT CLERK | JJK |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ATLANTIC INVESTMENT MANAGEMENT, LLC, and THOMAS R. BAKER, | ) ) ) ) | 02 C 2324<br>Judge Ronald Guzman<br>Magistrate Judge Schenkier |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:01-CV-1783-TWT<br>IN THE UNITED STATES |
| MILLENNIUM FUND I, LTD., *et. al.*, | ) ) ) | DISTRICT COURT FOR THE<br>NORTHERN DISTRICT OF |
| Defendants. | ) | GEORGIA, ATLANTA DIVISION |

## MEMORANDUM OPINION AND ORDER

In the year 2000, the plaintiffs and one of the defendants, Michael Coglianese, became involved in a dispute regarding Mr. Coglianese's work for Atlantic as an accountant in some securities transactions. Mr. Coglianese brought a claim against plaintiffs before an arbitration board of the National Futures Association ("NFA"). Plaintiffs sought leave to file a counterclaim and third-party claim against Mr. Coglianese and certain other defendants in this case (Millennium and Global) in the NFA proceeding. In their motion seeking leave to assert these claims, plaintiffs asserted that they had directed their former attorneys, Gardiner Koch & Weisberg, to file that pleading but that they had failed to do so. By the time plaintiffs filed the motion, through new counsel, the NFA sustained an objection that asserted the counterclaim and third-party claim were being asserted too late, and thus refused to hear those claims.

Plaintiffs then filed this suit against the defendants in the Georgia state court; the suit was later removed to the Northern District of Georgia (Case No. 1:01-CV-1783-TWT). In the complaint in this suit, plaintiffs again assert that they had directed Gardiner Koch & Weisberg to file a counterclaim and third-party claim against Mr. Coglianese, Millennium and Global, and had given

7

the lawyers the filing fee for asserting those claims in the NFA proceeding. Plaintiffs also allege that they instructed Gardiner Koch & Weisberg to assert in the NFA proceeding the same allegations of fraud now asserted in this case. Plaintiffs assert that "for reasons unknown" to the plaintiff, Gardiner Koch & Weisberg failed to file the counterclaim or third-party complaint in the NFA proceeding. Plaintiffs further allege that they did not learn of the failure to file the pleading until after Gardiner Koch & Weisberg withdrew, and successor counsel entered the case.

As part of the discovery in this federal suit, Mr. Coglianese, through an attorney admitted to practice in this Court, Thomas Burke, prepared a subpoena and served it on Mr. Koch demanding production of "[a]ny and all documents or files relating to or kept on behalf of Thomas C. Baker, Atlantic Investment Management, LLC, The Endeavor Fund, LP, Class "C" Units, and/or Michael Coglianese." Although the parties' submissions do not say this, we presume that Mr. Coglianese served the subpoena with the objective of discovering whether plaintiffs told the Gardiner Koch & Weisberg lawyers to file the counterclaim and third-party claim in the NFA proceeding, on the theory that if they did not, then Mr. Coglianese could raise the affirmative defense that plaintiffs had not properly exhausted – or tried to exhaust – their remedies with the NFA before filing suit. The subpoena was personally served on Mr. Koch on April 1, 2002, along with a petition to enforce the subpoena. Thereafter, on April 2, 2002, Mr. Koch wrote a letter to Mr. Burke acknowledging receipt of the subpoena and the petition, and agreeing that they "will be accepted and treated as being intended for the law firm of Gardiner Koch & Weisberg." In that letter, Mr. Koch asserted on behalf of Gardiner Koch & Weisberg the attorney-client privilege and work product doctrine as a bar to production of these requested documents; Mr. Koch raised no other objections to the subpoena. Mr. Koch also indicated that he would determine whether plaintiffs would agree to waive the

privilege and to allow production without motion practice. The papers filed with the Court make it clear that plaintiffs have not done so.

In support of the petition to enforce the subpoena, Mr. Coglianese argues that plaintiffs have waived their attorney-client privilege by putting attorney-client communications at issue. Plaintiffs challenge the petition on the grounds that the privilege has not been waived, and that the subpoena is unenforceable on the basis of two alleged procedural deficiencies. By an order dated July 10, 2002, the petition was referred to this Court for ruling (doc. # 5). For the reasons that follow, the petition to enforce the subpoena (doc. #1) is granted in part, and denied in part.

**I.**

We begin with the arguments regarding the alleged procedural deficiencies. Plaintiffs argue that the subpoena should not be enforced (a) because it was not signed, as required by Fed. R. Civ. Pro. 45 (a)(3) (Pl.'s Resp. at 4-7), and (b) because the certificate of service allegedly did not comply with LR 5.5 of the Local Rules for the Northern District of Illinois (*Id.* at 7-9). We address those arguments in turn.

**A.**

Fed. P. Civ. P. 45(a)(3) states, in relevant part, that:

> The clerk shall issue a subpoena, signed but otherwise in blank, to a
> party requesting it, who shall complete it before service. An attorney,
> as officer of the court may also issue and sign a subpoena . . . .

Under Rule 45, attorneys (as officers of the court) can issue subpoenas; but, they also must sign them, to reflect cognizance of their responsibility in issuing subpoenas on behalf of the court.

Here, a review of the face of the subpoena reveals that although Mr. Burke is identified – in typewriting – as the issuing officer, he neglected to sign the subpoena. The question as to

3

whether the lack of a signature on a subpoena is so substantial a deficiency as to render the subpoena void is one not answered by the case law. However, we think the answer is no, for two reasons – one of which is specific to the facts here, and one of which is not.

*First*, when Mr. Koch responded in writing to the subpoena, he did not object to this deficiency, but to the contrary, stated that the subpoena was accepted. Thus, we believe this defect is waived. *Second*, even if not waived, this is a defect that readily can be cured. Although Mr. Burke failed to sign the subpoena, he did sign the declaration of service attached to the subpoena, as well as the present petition to enforce the subpoena. The Court finds that this evidences Mr. Burke's intent to take responsibility for issuing the subpoena, and that the omission of his signature from the subpoena was a mere oversight. We note that with respect to other discovery requests, Fed. R. Civ. P. 26(g)(2) requires signature by an attorney of record, and if that signature is not provided, then the discovery request "shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed." Fed. R. Civ. P. 26(g)(2)(C). We see no reason that Mr. Burke's oversight in failing to sign the subpoena cannot also be cured.

For the foregoing reasons, we find that the lack of signature does not render the subpoena void; and in any event, as we will explain below, Mr. Burke will have the opportunity to fulfill the signature requirement when he re-issues the subpoena in accordance with the limitations set by the Court.

**B.**

Atlantic's second argument is that the petition to enforce the subpoena was improperly served because the certificate of service was signed by Mr. Burke, who, according to plaintiffs, was not an attorney of record in this case and thus was not eligible to provide proof of service by certificate (as Mr. Burke did). Local Rule 5.5. states:

**LR 5.5. Proof of Service.**
(a) General. Proof of service of all papers required or permitted to be served shall, unless some other method is expressly required by these rules or the Federal Rules of Civil Procedure, be made in the following manner:
(1) if the person serving the papers is an attorney of record in the case, by certificate;
(2) if the person serving the papers is not an attorney of record in the case, by affidavit, or by written acknowledgment of service, or by any other proof satisfactory to the court.

*See* NORTHERN DISTRICT OF ILLINOIS LOCAL RULES, Rule 5.5 (a).

According to the docket sheet in this case, Mr. Burke filed a notice of appearance on April 1, 2002, the date listed on his certificate of service: but, the appearance was not entered on the docket sheet until April 2, 2002. In these circumstances, even assuming a technical violation of LR 5.5(a)(1), the Court finds the service here to be satisfactory in accordance with LR 5.5(a)(2). There is no dispute that Gardiner Koch & Weisberg actually received the petition on April 1, 2002 – indeed, Mr. Koch provided written acknowledgment and acceptance of service. Thus, we reject plaintiffs' challenge to the adequacy of the certificate of service.

**II.**

We now turn to the substantive issue presented: plaintiffs' assertion of the attorney-client privilege as a bar to production of the documents sought by the subpoena. While a party ordinarily

5

has no standing to object to a subpoena issued to a non-party, that general rule does not apply where, as here, "the party claims some personal right or privilege with regard to the documents sought." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2459, at 41 (1995 ed.). Thus, plaintiffs have standing to assert a privilege objection to production of the documents sought by the subpoena.

In this case, there is no dispute that the files sought by the subpoena contain documents protected by the attorney-client privilege and the work product doctrine.[1] What Mr. Coglianese asserts is that by asserting in pleadings in the NFA and in this lawsuit what they told Gardiner Koch & Weisberg about filing a counterclaim and third-party claim in the NFA proceedings, and what the lawyers did (or did not do) in response, plaintiffs have put these communications in issue. Plaintiffs assert that they have not put attorney-client communications in issue, and even if they have, the scope of the waiver asserted by plaintiffs is excessive.

We agree with plaintiffs that there has been an "at issue" waiver, but we agree with Mr. Coglianese that the scope of the waiver is far more limited than would be suggested by what is sought in the subpoena (although not as limited as plaintiffs argue). Our reasoning for these conclusions follow.

### A.

The Seventh Circuit has recognized that the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation.

---

[1] We note that the parties have not addressed the issue of precisely which documents in the Gardiner Koch & Weisberg files are privileged or protected work product. Privilege usually must be established on a document-by-document basis. *United States v. Lawless*, 709 F.2d 485 (7th Cir. 1983). However, in light of our ruling which limits the reach of the subpoena, the Court does not believe it necessary to address this point further.

*Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir. 1995). The *Garcia* court cited with approval *Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994), which held that attorney advice is not placed at issue "merely because it is relevant;" rather, the "at issue" exception is created where "the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing an attorney client communication." In this Court's view, *Rhone-Poulenc* strikes a reasonable balance between the principle that waivers of the attorney-client privilege are to be narrowly construed, *see, e.g., Katz v. AT&T*, 191 F.R.D. 433, 440 (E.D. Pa. 2000), and the principle that a party should not be able to selectively disclose privileged information that it believes works to that party's advantage, while concealing the rest. *McLaughlin v. Lunde Truck Sales*, 714 F. Supp. 916, 918 (N.D. Ill. 1989) (the attorney/client privilege may not be manipulated to the advantage of the party asserting the privilege). *See Beneficial Franchise Co., Inc. v. Bank One, N.A.*, 205 F.R.D. 212, 216 (N.D. Ill. 2001).

In the present case, the Court finds that plaintiffs' allegations in this action (and in the NFA proceeding) have placed at issue their communications with Gardiner Koch & Weisberg concerning the filing of a counterclaim and third-party complaint in the NFA proceedings. Plaintiffs have asserted that they instructed (and paid for) the pleadings to be filed in the NFA proceeding. They have alleged what the pleadings were to contain: that is, the same fraud allegations against Mr. Coglianese, Millennium and Global that are asserted in this lawsuit. And, they have asserted that they were unaware of Gardiner Koch & Weisberg's alleged failure to follow the instructions and to file the pleadings in the NFA until after new counsel entered into the picture. By these allegations, plaintiffs seek to insulate themselves from the defense that they made no effort to exhaust arbitral remedies before filing the current action. In so doing, plaintiffs have selectively

7

disclosed communications with their attorneys (Gardiner Koch & Weisberg) in order to prove their claims – or to preempt an anticipated defense.

In that respect, this case is similar to *Pyramid Controls v. Siemans Industrial Automation*, 176 F.R.D. 269 (N.D. Ill. 1997). In that case, the plaintiff filed suit under an Illinois statute which had a one-year limitation period that began to run only after a plaintiff became aware of its cause of action under the statute. The plaintiff alleged that it was filing suit less than five months after it was first informed by its attorney of its claim under the statute, and thus was filing well within the limitation period. The district court found that the at issue doctrine applied, as the plaintiff had injected its attorney-client communications into the case by using them as the basis of a pre-emptive defense against the statute of limitations. 176 F.R.D. at 274-275.

Like the plaintiff in *Pyramid*, plaintiffs have raised the issue of their communication with its attorney as a preemptive *riposte* to an anticipated affirmative defense. The Court finds that by doing so, plaintiffs have placed certain attorney-client communications at issue.

**B.**

We say "certain communications," because there still remains an issue concerning the scope of the waiver. While the subpoena broadly asks for "any and all documents" regarding not only plaintiffs but a variety of other entities, Mr. Coglianese's memorandum in support of the petition more modestly seeks "information regarding [plaintiffs'] communications with Gardiner Koch & Weisberg about a counterclaim and third-party claim against [Mr.] Coglianese" (Coglianese Mem. at 6). For their part, plaintiffs argue that any production ordered by the Court should be limited to those communications relating specifically to the existence and date of Atlantic's instruction/disbursement to Koch (Pls.' Mem. at 12).

8

*Pyramid* is instructive on this point as well. In determining the extent of the disclosures required of the plaintiff regarding its attorney communications, the district court made clear that even when a party has waived the attorney-client privilege by placing attorney-client communications at issue, the waiver applies only to those "communications concerning a particular legal or factual issue." *Pyramid Controls*, 176 F.R.D. at 275. In that case, the court held that the plaintiff had waived its privilege concerning (and thus had to disclose) its communications as to only the narrow issues of whether and when it had discussed with its attorney the existence of a possible claim against the defendant, what the plaintiff said to the attorney about the specific facts that would have brought about a claim under the statute, and what the attorney had advised about the existence of such a claim.

Likewise, the waiver here is limited by what plaintiffs have chosen to disclose. In alleging that they instructed their attorney to file a counterclaim and third-party complaint in the NFA proceeding, plaintiffs have waived the attorney-client privilege regarding only those communications that concerned the filing of those pleadings in the NFA proceeding. Based on the waiver, Mr. Coglianese is entitled only to those documents that reflect communications between plaintiffs and Gardiner Koch & Weisberg concerning (1) instructions by plaintiffs to file a counterclaim and third-party claim in the NFA proceedings; (2) what allegations and claims were to be asserted in those pleadings; (3) payment by plaintiffs to cover NFA filing fees; and (4) any knowledge by plaintiffs that Gardiner Koch & Weisberg had not filed a counterclaim and third-party claim in the NFA proceedings. The law firm must produce not only correspondence between plaintiffs and the firm that falls into these categories, but also internal memoranda created and maintained by the firm that reflect communications with plaintiffs -- such as, for example,

memoranda of oral conversations with the plaintiffs. We believe this ruling both protects the privilege by narrowly constraining the waiver, and protects Mr. Coglianese from any arguable manipulation of the privilege.[2]

## CONCLUSION

For the reasons given above, this Court grants the in part and denies in part Mr. Coglianese's petition to enforce a subpoena (doc. # 1-1). The subpoena shall be reissued with 10 calendar days, signed by Mr. Burke or some other person authorized by Rule 45, and shall be expressly limited to the four categories of documents enumerated above.

**ENTER:**

_____
**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: August 21, 2002**

---

[2]Mr. Coglianese has not asserted any waiver of the work product doctrine, and so we do not address that issue. We also note that plaintiffs have argued that the disclosed communications do not implicate the privilege, because they disclose only the "fact" of a direction to file a pleading in the NFA proceedings (Pls.' Mem. at 10). But plaintiffs allegations here in fact reveal more – they assert, for example, that the fraud allegations in this suit are the same ones that the attorneys allegedly were told to assert in the NFA.